IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>06-10678</u> |
| Claudia Q. Hainlen, | ) | |
| | ) | |
| Debtor | ) | |
| ―――――――――――――――――――― | ) | |
| | ) | |
| Edward J. Coleman, III, | ) | |
| Chapter 7 Trustee | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Claudia Q. Hainlen, | ) | |
| | ) | |
| Respondent | ) | |
| ―――――――――――――――――――― | ) | |

**<u>ORDER</u>**

Claudia Q. Hainlen ("Debtor") claims her interest in a

Teachers Retirement System of Georgia annuity, that she receives as

a beneficiary, is excluded from the property of her bankruptcy

estate pursuant to 11 U.S.C. §541(c)(2). In the alternative, Debtor

claims even if the annuity is included in her bankruptcy estate, it

is exempt pursuant to Georgia's statutory exemptions. Conversely,

the Trustee contends the annuity is property of the Debtor's

bankruptcy estate and Debtor cannot exempt her interest therein.

The Court has jurisdiction pursuant to 28 U.S.C. §1334 and this is

a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).  For the reasons discussed below the Trustee's Objection is OVERRULED.

## FINDINGS OF FACT

Debtor filed for chapter 7 relief on June 1, 2006.  Debtor claims as exempt, her entire

> Contingent and non-contingent interests in estate of a decedent. Teachers Retirement as beneficiary from deceased father of $931.00 per month.  Non-transferable (ongoing).

See Schedule C Property Claimed as Exempt - Amended, Dckt. #36; O.C.G.A. §§44-13-100(a)(2)(D),(E) and (F).

Trustee filed an Objection to the Claim of Exemptions and the matter was set for hearing.  At the hearing, Debtor argued the interest is not "property of the estate" and alternatively, that her interest is exempt under various Georgia statutory exemptions.[1]

At the hearing, Debtor testified her father worked for thirty years as a teacher at the Medical College of Georgia and he designated three beneficiaries to his teacher's retirement benefits, to wit: his wife received 50%, his son received 25%, and Debtor, received the remaining 25%.  After her father's death in 1994, Debtor had the option of receiving a lump sum payment or monthly annuity payments for the remainder of her life and she elected to

---

[1] See O.C.G.A. §§44-13-100(a)(2)(D), (E), (F) and §44-13-100(a)(2.1).

2

receive monthly annuity payments.[2]

Debtor testified she had been employed and working in the school system, but currently was not employed. According to her testimony, Debtor is not receiving retirement benefits from her own employment because she withdrew her own retirement to pay for brain surgery. She has had three brain aneurysms and has been a victim of domestic violence.

Debtor contends her interest in this annuity is excluded from "property of the estate"[3] under 11 U.S.C. §541(c)(2) or, in the alternative, if it is property of the estate, it is exempt pursuant to applicable Georgia statutory exemptions. Conversely, the Trustee argues the interest is "property of the estate" because it is not a trust and Debtor is neither a plan participant, nor a dependent of a participant. As for the exemptions, the Trustee argues Debtor's claimed exemption is not allowed because she is not a plan participant and, if allowed, the claimed exemption exceeds the amount allowable by law. For the reasons discussed below, the Court

---

[2] At the hearing, Trustee submitted a letter from the Teachers Retirement System of Georgia which states the benefits are paid on a lifetime basis. See Trustee's Ex. 1.

[3] Debtor in her brief avers that her interest also is excluded under 11 U.S.C. §541(b)(7) as an "amount withheld from wages of employees for payment as contributions to a tax-deferred annuity under 403(b) of the Internal Revenue Code of 1986." Since the Court concludes pursuant to §541(c)(2) that the property is not "property of the estate" the Court need not address the §541(b)(7) issue.

3

finds the interest is not "property of the estate" under §541(c)(2) and therefore the exemption issue need not be addressed.

### CONCLUSIONS OF LAW

The first issue to address is whether Debtor's interest is "property of the estate" under 11 U.S.C. §541.  The filing of a bankruptcy petition creates an estate comprised of all of the debtor's legal or equitable interests in property as of the date of filing of the petition. 11 U.S.C. §541(a)(1).  However, certain property is expressly excluded from the bankruptcy estate pursuant to §541(c)(2).  The pertinent provisions of §541(c) provide:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law-
> .
> .
> .
> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. §§541(c)(1) and (2).

"The natural reading of the provision [§541(c)(2)] entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any

4

relevant nonbankruptcy law." <u>Patterson v. Shumate</u>, 504 U.S. 753, 758 (1992). To determine if property is excluded from the estate pursuant to §541(c)(2), the Court must conduct a three-part analysis. <u>See In re Wilcox</u>, 233 F.3d 899, 904 (6th Cir. 2000). First, the Court must determine whether Debtor's interest is a beneficial interest in a trust or plan. Second, the Court must determine whether there is a restriction on the transfer of Debtor's interest. Third, the Court must determine whether that restriction is enforceable under either federal or state law.

First, the Court will address the issue of whether the Teachers Retirement System of Georgia is a trust. The Teachers Retirement System of Georgia is codified at O.C.G.A. Ch. 47-3. As the Georgia Supreme Court explains,

> TRS was established for the purpose of providing retirement allowances and other benefits for teachers of this state, and it is under the management of a board of trustees. O.C.G.A. 47-3-20 et seq. The contributions made by members of the system to provide for their annuities are deducted from their compensation, and these contributions are accumulated in the "annuity savings fund." O.C.G.A. §47-3-41. A member of the retirement system may "by means of a written designation duly executed and filed with the board of trustees" nominate a beneficiary, who then becomes entitled upon the death of a member in service to either a cash refund of the member's contributions, plus interest; or a monthly death benefit, if the member had a minimum of 10 years' creditable service at the

5

⬧AO 72A
(Rev. 8/82)

time of death and if the beneficiary is
entitled to such a benefit under the member's
beneficiary designation form. O.C.G.A. §47-3-
123.

Kirksey v. Teachers' Retirement Sys. Of Georgia, 250 Ga. 884, 885,
302 S.E.2d 101, 103 (1983).

Under O.C.G.A. §53-12-20 an express trust has the following
elements: an intent to create a trust, trust property, a
beneficiary, a trustee, and active duties imposed on the trustee.
The Teachers Retirement System of Georgia has a board of trustees
that act as trustees with specific statutory powers to hold, invest
and reinvest system assets. See O.C.G.A. §§47-3-20 - 47-3-27. In
the case sub judice, the annuity funds are still under the
administration of the Teachers Retirement System of Georgia. See
Trustee's Ex. 1. Debtor cannot now choose a lump sum. As Debtor
testified and as stated in Trustee's brief, Debtor made the choice
to receive benefits as an annuity at the time of the death of her
father. See also O.C.G.A. §47-3-123.[4] Based upon this analysis,
the Court finds the Teachers Retirement System of Georgia is a "plan
or trust" for purposes of §541(c)(2).

Second, the Court must determine if there is a restriction on

---

[4] If Debtor had chosen and received a lump sum payment prior to
filing, a different analysis may be required. But the mere right to
receive a lump sum payment is not enough to defeat the anti-
alienation provision. See Travelers Ins. Co. v. Fountain City
Federal Credit Union, 889 F.2d 264 (11th Cir. 1989).

the transfer of Debtor's beneficial interest.   The Teachers Retirement System of Georgia provides:

> The right to a pension, annuity, retirement allowance, return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit, or any other right accrued or accruing to any person under this chapter and the moneys in the various accounts created by this chapter are exempt from any state, county, or municipal tax, except as provided in Code Section 48-7-27; exempt from levy and sale, garnishment, attachment, or any other process whatsoever; and shall not be assignable except as otherwise specifically provided in this chapter.

O.C.G.A. §47-3-28(a).

This anti-alienation restriction applies to the rights "accrued or accruing to any person under this chapter" and its application is not limited to members; therefore the Court finds that a beneficiary, such as Debtor, is included in this anti-alienation provision.  Furthermore, a statutory anti-alienation provision will suffice since the Eleventh Circuit has held such restrictions do not need to be in the document itself.  See Meehan v. Wallace (In re Meehan), 102 F.3d 1209, 1211 (11th Cir. 1997).

In Meehan, the 11th Circuit held an IRA with a statutory anti-alienation clause was not property of the estate even though the debtor had the ability to withdraw funds.  Meehan, 102 F.3d at 1213. The court stated, "[t]he Fourth Circuit explained that because ERISA

7

requires a plan to have a non-alienation provision . . . [n]o more inquiry need be made to determine whether the trust is controlled by the settlor or the beneficiary or whether they are the same person." Id.  The court noted the United States Supreme Court in Patterson affirmed the Fourth Circuit and implicitly rejected the argument that §541(c)(2) should be limited to state spendthrift trusts.  Id. "[T]he Supreme Court's [Patterson] holding necessarily means that . . . control does not bar exclusion pursuant to §541(c)(2)."  Id.

Lastly, the Court must determine whether the anti-alienation restriction is enforceable under applicable nonbankruptcy law.  The restriction is set forth under the Official Code of Georgia.  As established in Meehan supra, nothing in Georgia law requires that the restriction be contained in the document itself.  Meehan, 102 F.3d at 1211.

"A spendthrift trust is 'a trust that restrains voluntary and involuntary alienation of all or any of the beneficiaries' interest.'" 5 Collier on Bankruptcy ¶541.11[2] (15th ed. rev. 2006) quoting Restatement (Third) of Trusts §58 cmt. a (2003).  Georgia law provides for enforcement of spendthrift provisions in trusts.  Georgia's spendthrift provisions are set forth in O.C.G.A. §53-12-28 which provides:

> (a) A spendthrift provision is a provision in
> a trust that the interest of the beneficiary

8

in the income or in the principal or in both
may not be voluntarily or involuntarily
transferred before payment or delivery of the
interest to the beneficiary by the trustee.

(b)   A   spendthrift   provision   prohibiting
voluntary transfers is valid and enforceable.

O.C.G.A. §§53-12-28(a) and (b).

Furthermore, O.C.G.A. §53-12-28(d) provides: "[n]otwithstanding any

other provision in this Code section to the contrary, a spendthrift

provision in a bona fide pension or retirement trust is valid and

enforceable with reference to the entire interest of the beneficiary

in the income or in the principal or in both, even if the

beneficiary is also the settlor of the trust." O.C.G.A. §53-12-

28(d).  The Georgia Supreme Court previously has upheld the anti-

alienation of the Teachers Retirement System of Georgia.  See

Kirksey, 250 Ga. at 885 (the anti-alienation provision is

enforceable against attachment for year's support).

The Trustee urges the Court to not allow the exclusion because

it is based upon Debtor's inheritance from her father's retirement

plan, rather than Debtor's actual retirement.  However, nowhere in

the statute is there a requirement that Debtor's interest emanate

from a retirement plan based upon her own employment, or that she be

a dependent of a plan participant.  See In re Hthiy, 283 B.R. 447,

451 (Bankr. E.D. Mich. 2002) ("there is nothing in the statute

9

restricting its application based on the source of the debtor's interest in the trust"). To the extent the statute requires Debtor's interest to derive from the retirement plan itself, Debtor's interest does emanate from the retirement plan as she is a designated beneficiary of the plan. The plain language of the statute controls, namely that a restriction on the "beneficial interest of the debtor" is sufficient to exclude the property from Debtor's bankruptcy estate. See §541(c)(2); Patterson, 504 U.S. at 757.

For the reasons set forth above, the Court concludes Debtor's beneficial interest in the Teachers Retirement System of Georgia is in a trust that contains an anti-alienation provision enforceable under state law. Accordingly, the Court concludes Debtor's interest in this annuity is excluded from the bankruptcy estate under §541(c)(2). It is therefore ORDERED that the Trustee's Objection to Claim of Exemptions is OVERRULED.

_____
SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE


Dated at Augusta, Georgia
this 26th day of March, 2007.

10